NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY WILLIAMS, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

BRISTOL-MYERS SQUIBB COMPANY,

Defendant.

Case No. 22cv6097 (EP) (JRA)

OPINION

**PADIN, District Judge.**

In this putative class action, Plaintiff Tony Williams alleges that Defendant Bristol-Myers Squibb Company unlawfully discriminated against him and other former employees by denying their requests for religious accommodations from Defendant's COVID-19 vaccination mandate. D.E. 32 ("FAC" or "First Amended Complaint"). Defendant now moves to strike the class allegations from the First Amended Complaint ("Motion to Strike"), or alternatively, to exclude putative class members who are subject to arbitration agreements that contain class-action waivers ("Alternative Motion"). D.E. 41-1 ("Mots." or "Motions"). Plaintiff cross moves to (1) conduct class discovery ("Discovery Cross Motion") and (2) strike a declaration Defendant relied upon in support of its Alternative Motion ("Alternative Cross Motion"). D.E. 42-1 ("Cross Mots." or "Cross Motions"). The Court has reviewed the parties' briefs and supplemental submissions and decides the Motions and Cross Motions on the papers. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78(b). For the reasons below, the Court will **GRANT** Defendant's Motion to Strike; **DISMISS as moot** Defendant's Alternative Motion; **DENY** Plaintiff's Discovery Cross Motion; and **DISMISS as moot** Plaintiff's Alternative Cross Motion.

I.  **BACKGROUND**[1]

   A. **Defendant's COVID-19 Vaccination Mandate**

After the COVID-19 pandemic began in early 2020, vaccines were developed and eventually made available. FAC ¶¶ 5, 7. On September 7, 2021, Defendant announced a vaccine mandate that required all of its United States employees to be fully vaccinated against COVID-19 by November 2021 or else be terminated "for cause" ("Mandate"). *Id.* ¶¶ 10, 16, 20, 21. Defendant hoped to achieve nearly 100% vaccination status among its employees. *Id.* ¶ 11.

Employees could apply for a religious accommodation to the Mandate by completing a Religious Accommodation Request Form ("Request"). *Id.* ¶ 22. An employee seeking an exemption had to (1) "identify[] . . . what their religious beliefs were, how their beliefs conflicted with the policy, the duration of the requested accommodation, and what accommodation they desired[]"; and (2) "verify that their religious beliefs were sincerely held." *Id.* ¶ 23. However, Defendant was "categorically predisposed" against granting any of the Requests "but for an exceeding few[] . . . ." *Id.* ¶ 12. Instead of evaluating Requests individually, Defendant "adopted and implemented a policy, practice[,] or pattern to deny [Requests] because [Defendant] did not believe that there was any legitimate reason, based on religious belief, for any employee not to take the COVID vaccine." *Id.* ¶ 14. Defendant received over 1000 Requests but denied most. *Id.* ¶¶ 14-15.

On December 6, 2021, Defendant terminated employees who failed to comply with the Mandate and did not receive an accommodation. *See id.* ¶ 36.

---

[1] This section derives mainly from the well-pleaded factual allegations in the First Amended Complaint.

2

### B. Plaintiff's Request

Plaintiff began working for a predecessor company in February 2012 as a customer care representative. *Id.* ¶ 18. In November 2019, Defendant acquired the predecessor company and Plaintiff became a U.S. Distribution Analyst. *Id.* ¶ 18. After the pandemic began, Plaintiff began working remotely. *Id.* ¶ 26. In late 2021, Plaintiff was told he would soon be promoted to the U.S. Distribution Manager position. *Id.* ¶ 19.

After Defendant announced the Mandate, Plaintiff submitted a Request, asking to be accommodated by continuing to work remotely. *Id.* ¶¶ 24, 27. Plaintiff explained that "it is a[] part of his religious practice to pray to God and be guided by the answers to his prayers[,]" and that when he "prayed to God about whether to submit to Defendant's mandated vaccine," the answer was no. *Id.* ¶¶ 31-32. Defendant denied Plaintiff's Request, Plaintiff asked Defendant to reconsider, and Defendant declined. *Id.* ¶ 33. On December 6, 2021, Defendant terminated Plaintiff's employment for failure to comply with the Mandate. *Id.* ¶ 36.

### C. Procedural History

On September 8, 2022, Plaintiff filed a one count, putative class action complaint in state court alleging that Defendant unlawfully discriminated against Plaintiff's religion in violation of the New Jersey Law Against Discrimination ("NJLAD").[2] D.E. 1-1. Defendant removed the case to this Court on October 14, 2022, pursuant to the Class Action Fairness Act ("CAFA").[3] D.E. 1. Plaintiff sought and was granted leave to file an amended complaint. D.E.s 27, 29. The First Amended Complaint brings two counts on behalf of Plaintiff and the putative class: Count One alleges that Defendant violated the NJLAD by engaging in a "deliberate policy, practice, or

---

[2] N.J.S.A. § 10:5-1, *et seq.*
[3] 28 U.S.C. §§ 1332(d)(2), 1453.

pattern" of religious discrimination against Defendant and the putative class;[4] and Count Two seeks a declaratory judgment "requiring Defendant to comply with the NJLAD with respect to religious accommodation requests." FAC ¶¶ 53-62, 68-70.

Defendant moves to strike Plaintiff's class allegations from the First Amended Complaint, or, alternatively, dismiss the claims of putative class members that are subject to arbitration agreements with class-action waivers. Mots. Plaintiff opposes (D.E. 42 ("Opp'n" or "Opposition")) and cross moves to (1) conduct class discovery and (2) strike a declaration Defendant relied on in support of its Alternative Motion. *See* Cross Mots. Defendant replies and opposes Plaintiff's Cross Motions. D.E. 45 ("Reply").[5]

## II. LEGAL STANDARD

"A motion to strike class allegations implicates Federal Rules of Civil Procedure 12(f) and 23[]." *In re Paulsboro Derailment Cases*, 2014 WL 1371712, at *2 (D.N.J. Apr. 8, 2014). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[]" upon a party's motion. Fed. R. Civ. P. 12(f). Rule 23(c)(1)(A) directs a court to determine whether to certify a class action "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." And Rule 23(d)(1)(D) "provides that a 'court may issue orders that . . . require that the pleadings be amended to eliminate

---

[4] Though unclear from the First Amended Complaint, because of Plaintiff's additional allegations in his Opposition, the Court, for completeness, assumes that Plaintiff brings the class claims under the NJLAD's antidiscrimination, failure to accommodate, and antiretaliation provisions (N.J.S.A. §§ 10:5-12(a), (q), (r)). *Compare* FAC ¶ 63 (alleging that in addition to religious discrimination against the class, Defendant's conduct "constituted a failure to accommodate, retaliation against, and a failure to promote [Plaintiff]") *with* Opp'n at 14 (alleging that Defendant's conduct "constituted a failure to accommodate and retaliation against [Plaintiff] and the [c]lass members").
[5] Defendant has also filed two notices of supplemental authority. D.E.s 48, 56. Plaintiff has sur-replied to the first notice (D.E. 50), to which Defendant has sur-sur-replied (D.E. 55). The Court has reviewed and will consider these submissions.

allegations about representation of absent persons and that the action proceed accordingly.'" *In re Paulsboro*, 2014 WL 1371712, at *2 (quoting Fed. R. Civ. P. 23(d)(1)(D)); *see also Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014) (noting that Rule 12(f) permits a court to strike class allegations); *Schultz v. Credit Control, LLC*, 2021 WL 1997373, at *3 (D.N.J. May 19, 2021) (noting that a motion to strike "implicates Rule 23 and Rule 12(f)").

Generally, "[m]otions to strike class allegations are disfavored . . . ." *Schultz*, 2021 WL 1997373, at *2. When the motion is brought before the completion of class discovery, a defendant "bear[s] the burden of proving that the class is not certifiable." *In re Paulsboro*, 2014 WL 1371712, at *2 (quoting *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *2 (N.D. Ill. Nov. 30, 2010)). To succeed, a defendant must demonstrate that "the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts." *Schultz*, 2021 WL 1997373, at *2 (quoting *McPeak v. S-L Dist. Co.*, 2014 WL 4388562, at *8-9 (D.N.J. Sept. 5, 2014) (citing cases)); *see also Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015) (emphasis in original) (citation omitted) ("Class allegations may be stricken only when *no amount of discovery* will demonstrate that the class can be maintained.").

### III.    ANALYSIS

Class actions are governed by Federal Rule of Civil Procedure 23 and are "exception[s] to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks and citation omitted). To proceed as a class action, a named plaintiff must demonstrate: (1) Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements; and (2) one of the three options in Rule 23(b). *Id.* at 345.

Plaintiff's class claims allege that Defendant violated NJLAD's antidiscrimination, failure to accommodate, and antiretaliation provisions. *See* FAC ¶¶ 54-63; Opp'n at 14 (adding allegations of violations of the failure to accommodate and antiretaliation provisions on behalf of the class). Defendant argues that this is one of the rare cases where it is appropriate to strike class allegations because Plaintiff's NJLAD claims will never satisfy Rule 23's requirements. Mots. at 9. Specifically, Defendant argues that it is evident from the face of the First Amended Complaint that Plaintiff could never satisfy (1) Rule 23(a)'s commonality requirement and/or (2) Rule 23(b)(2) or (b)(3). *Id.* at 10-20. The Court agrees and will strike the class allegations from the First Amended Complaint.

### A. Plaintiff Could Never Satisfy Rule 23(a)'s Commonality Requirement

To satisfy Rule 23's threshold requirement of commonality, "a plaintiff [must] show that there are questions of law or fact common to the class." *Dukes*, 564 U.S. at 349 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 23(a)(2)). However, "[a]ny competently crafted class action complaint [will] literally raise[] common questions." *Id.* (internal quotation marks and citation omitted). Thus, a plaintiff must show that the class claims "depend upon a common contention" that is "capable of classwide resolution—which means that determination of [the contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350; *see also id.* (emphasis in original) (internal quotation marks and citation omitted) ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.").

Defendant argues that determining liability for Plaintiff's NJLAD claims will be "highly fact intensive" and individualized, and thus "cannot be determined on a class basis." Mots. at 11.

Specifically, to prevail on his NJLAD claims, "Plaintiff will have to demonstrate that he had a belief that was (i) religious, (ii) sincerely-held, and (iii) [] precluded his compliance with the [Mandate,]" and, if demonstrated, the Court then must determine "(iv) whether there was a reasonable accommodation that would have allowed Plaintiff to perform the essential functions of *his* job (v) without imposing an undue hardship on [Defendant]." *Id.* at 10-11 (emphasis in original) (citing *Trans World Airline, Inc. v. Hardison*, 432 U.S. 63, 65 (1977)). The Court agrees.

Due to "the personal nature of religious beliefs," Plaintiff's NJLAD claims "do not lend themselves to common resolution." *Ellison v. Inova Health Care Servs.*, 2023 WL 6038016, at *11 (E.D. Va. Sept. 14, 2023). Indeed, "[f]ew tasks that confront a court require more circumspection than that of determining whether a particular set of ideas constitutes a religion . . . ." *Africa v. Commonwealth of Pa.*, 662 F.2d 1025, 1031 (3d Cir. 1981)). Even if Plaintiff and every class member shared the same religion and objection to the Mandate, the Court would still have to determine Defendant's liability as to each individual class member. *Compare Aliano v. Twp. of Maplewood*, 2023 WL 4398493, at *7-9 (D.N.J. July 7, 2023) (finding that two Christian plaintiffs adequately connected their anti-abortion beliefs to their religion and objections to the employer's COVID-19 vaccine mandate) *with id.* at *11 (emphasis added) (dismissing one Christian plaintiff's claim for failing to "provide any information on how his [anti-abortion belief] arises . . . from *his* Christian belief-system"); *see also Ellison*, 2023 WL 6038016, at *11-12 (emphasis in original) (striking class allegations where the plaintiffs' failure to accommodate claim "would require the [c]ourt to ask whether each putative class member's abortion-based objection to the COVID-19 vaccine was based on *their own* religious beliefs").

Plaintiff argues that the "alleg[ations of] unitary, systemic discriminatory conduct by Defendant[]" are "susceptible to class-wide treatment" under a "disparate impact" analysis. Opp'n

7

at 25. The "disparate impact" analysis applies when a "facially neutral employment practice[]" has "significant adverse effects" on a protected group, regardless of whether "the employer adopted th[at] practice[] with a discriminatory intent." *Watson v. Forth Worth Bank & Trust*, 487 U.S. 977, 986-87 (1988). In contrast, a "disparate treatment" analysis is "the most easily understood type of discrimination" and requires demonstrating the employer "had a discriminatory intent or motive." *Id.* at 986 (internal quotation marks and citation omitted).

But the First Amended Complaint is absent of disparate *impact* claims—rather, Plaintiff alleges disparate *treatment*: that Defendant discriminated against him and the class "*because of* their sincerely held religious beliefs" "in furtherance of a *deliberate* policy, practice, or pattern." FAC ¶¶ 60-61 (emphasis added). However, even if Plaintiff alleged a disparate impact claim, the Court's analysis would not change. Each class member would still have to prove (1) a sincerely held religious belief that (2) formed the basis of their objection to the COVID-19 vaccine. *Speer v. UCOR LLC*, 2023 WL 7305037, at 10 n.12 (E.D. Tenn. Nov. 6, 2023) (citing *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 183 (3d Cir. 2009)); *see also id.* at *11 (denying class certification in a workplace COVID-19 vaccination mandate case "[g]iven the number of individualized inquiries necessary to resolve each [p]laintiff's [religious discrimination] claim").[6]

---

[6] Plaintiff argues that courts have granted class certification in "substantially similar" circumstances. Opp'n at 27-28. However, as Defendant discusses (Reply at 13-17), these cases are distinguishable. Some challenged a mandate that each military branch implement a vaccine mandate; sought only an injunction, which satisfied certification under Rule 23(b)(2); and raised common questions under the Religious Freedom Restoration Act ("RFRA") and First Amendment, which require a different analysis than NJLAD claims. *See U.S. Navy Seals v. Austin*, 594 F. Supp. 3d 767 (N.D. Tex. 2022) (Navy); *Doster v. Kendall*, 342 F.R.D. 117 (S.D. Ohio 2022) (Air Force); *Colonel Fin. Mgmt. Officer v. Austin*, 622 F. Supp. 3d 1187 (M.D. Fla. 2022) (Marine Corps). The other cases cited are likewise dissimilar. *See Sughrim v. New York*, 2022 U.S. Dist. LEXIS 198090 (S.D.N.Y. Oct. 29, 2022) (seeking certification under Rule 23(b)(2)); *DeOtte v. Azar*, 332 F.R.D. 188 (N.D. Tex. 2019) (challenging a contraceptive mandate under the RFRA and seeking certification under Rule 23(b)(2)); *Adair v. England*, 209 F.R.D. 5 (D.D.C. 2002) (challenging the

Because Plaintiff would be unable to satisfy the threshold requirement of commonality, the Court will grant Defendant's Motion to Strike,[7] deny Plaintiff's Discovery Cross Motion,[8] and dismiss Defendant's Alternative motion and Plaintiff's Alternative Cross Motion as moot.

**B. Plaintiff Could Never Satisfy Any of Rule 23(b)'s Three Options**

Though Plaintiff's inability to establish commonality among the class warrants striking the class allegations, for completeness, the Court also finds Plaintiff would be unable to establish that the class could proceed under any of the three options in Federal Rule of Civil Procedure 23(b).[9]

To proceed under Rule 23(b)(1), a plaintiff must demonstrate that "separate actions by or against individual members would create a risk of establishing incompatible standards of conduct for the party opposing the class[,]" such as by (1) imposing incompatible judgments against a defendant or (2) disposing of or substantially impairing the ability of the interests of other members that are not parties to the individual adjudications. Fed. R. Civ. P. 23(b)(1)(A)-(B).

---

Navy's chaplain quota system and primarily seeking injunctive relief under the First and Fifth Amendments).

[7] Though the class allegations will be stricken, the Court will retain subject matter jurisdiction. *See Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019) (holding that "[i]f a federal court properly exercises jurisdiction pursuant to [CAFA] at the time a claim is . . . removed, [] a subsequent denial of class certification" does not "divest the court of subject-matter jurisdiction"). Diversity jurisdiction does not exist because both parties are domiciled in New Jersey. *See* FAC ¶¶ 2-3; 28 U.S.C. § 1332(a).

[8] Plaintiff argues that he is "entitled to discovery information relevant to Rule 23's class certification requirements." Opp'n at 22 (internal quotations and citation omitted). However, no amount of discovery would change the underlying individualized inquiries: whether, as to each claimant, Defendant discriminated against *them* based on *their* religious belief and how *their* belief applied to *their* objection to the COVID-19 vaccine. *See Bell*, 2015 WL 401443, at *2 (emphasis in original) (citation omitted) ("Class allegations may be stricken only when *no amount of discovery* will demonstrate that the class can be maintained.").

[9] Defendant raises arguments as to why Plaintiff could not satisfy Rule 23(b)(2) or (b)(3). *See* Mots. at 7, 18-20. Plaintiff does not address these arguments.

But these risks do not exist here. Simply because "some employees may prove their case while others may not[]" does not create inconsistent judgments as a matter of law, nor would any member's interest be impacted by individual litigation. *Speer*, 2023 WL 7305037, at *6.

To proceed under Rule 23(b)(2), a plaintiff must demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Ass'n of N.J. Chiropractors v. Aetna, Inc.*, 2023 WL 2154584, at *16 (D.N.J. Feb. 21, 2023) (quoting *Dukes*, 564 U.S. at 374). Consequently, "claims for individualized relief may not be certified under 23(b)(2), nor may claims for monetary relief that are not incidental to the injunctive or declaratory relief." *Id.* (cleaned up).

Here, Plaintiff and the class members seek individualized and substantial damages, such as: compensatory damages for psychological, mental, and emotional distress; economic damages for lost wages and benefits; backpay and benefits; and front pay and benefits. FAC at 17. This would preclude certification under Rule 23(b)(2). *See Speer*, 2023 WL 7305037, at *6 (internal quotation marks and citation omitted) (rejecting Rule 23(b)(2) certification where the plaintiffs sought "significant individualized damages in the form of back pay, reinstatement or front pay, . . . punitive damages, and compensatory damages"); *Atis v. Freedom Mortg. Corp.*, 2016 WL 7440465, at *8 (D.N.J. Dec. 27, 2016) (citations omitted) ("Rule 23(b)(2) does not permit certification where class members would be entitled to individual monetary damages.").

10

Lastly, to proceed under Rule 23(b)(3), a plaintiff must demonstrate (1) predominance: "that the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) superiority: "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Here, Plaintiff could not establish predominance—a stricter standard than commonality—for the same reasons he cannot establish commonality. *See Luppino v. Mercedes Benz USA*, 718 Fed. App'x 143, 146 (3d Cir. 2017). Defendant's liability hinges on the individualized assessment of whether the claimant (1) held a sincerely religious belief that (2) provided the basis for their objection to the COVID-19 vaccine. Additionally, as for Defendant denying requested accommodations, the Court would have to analyze each employee's individual position and requested accommodations, and whether *that* accommodation as to *that* employee in *that* position would cause undue hardship to Defendant. *See Speer*, 2023 WL 7305037, at *7 (finding the plaintiffs could not establish predominance when these questions were present). Nor could Plaintiff establish the superiority of a class action "[g]iven the number of individualized inquiries necessary to resolve each [] claim, [because] a class action would quickly devolve into a series of individual claims." *Id.* at *11.

Plaintiff's inability to proceed under any of the three options in Rule 23(b) provides an additional basis for striking the class allegations.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike (D.E. 41-1) will be **GRANTED** and the class allegations will be **STRICKEN** from the First Amended Complaint (D.E. 32). Plaintiff's Class Discovery Cross Motion (D.E. 42-1) will be **DENIED**. And Defendant's Alternative Motion (D.E. 41-1) and Plaintiff's Alternative Cross Motion (D.E. 42-1)

will be **DISMISSED as moot**. An appropriate Order accompanies this Opinion. Plaintiff will have 30 days from the entry of the accompanying Order to file an amended complaint.

Dated: December 18, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

12